IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| SEAN TAPP | : | |
| --- | --- | --- |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | NO. 07-3725 |
| v. | : | |
| | : | |
| ANDY PROTO, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this ___15th___ day of June 2010, upon consideration of Defendant Dr. Robert Doe's (incorrectly named in Plaintiff's Complaint as "Dr. Dough") Motion for Summary Judgment (Doc. #62), it is **ORDERED** that the Motion is **GRANTED**.[1]

It is further **ORDERED** that:

• In light of Dr. Doe's filing of an Answer (Doc. #61) to Plaintiff's Complaint (Doc. #6), Plaintiff's Motion for Default Judgment against Dr. Doe (Doc. #67) is **DENIED**.

---

[1] This Order follows from my Memorandum (Doc. #64) and Order (Doc. #65) granting the motions for summary judgment filed by 27 of the other defendants in this matter. For procedural reasons for which Dr. Doe was entirely at fault, he was not granted summary judgment in the previous Order. However, Dr. Doe has since adopted the motions for summary judgment of his co-defendants, and Plaintiff Tapp has failed to provide any evidence to demonstrate that the conclusions I drew in my Memorandum are inapplicable to Dr. Doe.

Tapp's claims against Dr. Doe were based on racial discrimination and inadequate medical care. However, he provided no evidence beyond conclusory allegations that Dr. Doe's conduct was motivated by a racial animus, and there is ample evidence that Tapp's medical needs, to the extent they can be described as serious, were managed responsibly by the medical staff at Lancaster County Prison.

- Plaintiff Sean Tapp's Motion for Reconsideration (Doc. #71) is **DENIED**.[2]

---

[2] On May 27, 2010, Tapp filed a Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e). *See Carrascosa v. McGuire*, 520 F.3d 249, 253 n.3 (3d Cir. 2008) ("Motions for reconsideration 'are generally treated as motions to alter or amend judgment under Rule 59(e).'" (quoting *United States v. McGlory*, 202 F.3d 664, 668 (3d Cir. 2000)). "A proper motion to alter or amend judgment must rely on one of three major grounds: (1) an intervening change in controlling law; (2) the availability of new evidence not available previously; or (3) the need to correct clear error of law or prevent manifest injustice." *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (internal quotation marks omitted).

Tapp bases his Motion for Reconsideration on the contention that in my Memorandum and Order granting the motions for summary judgment filed by the defendants in this matter, I failed to consider his argument, submitted within his cross-motion for summary judgment (Doc. #56) as well as his reply to the defendants' response (Doc. #59), that he was unable to litigate this matter because the defendants "maliciously lost [his legal] property on purpose to prevent him from litigating this case." (Pl.'s Mot. Reconsideration ¶ 3.) Tapp's argument implicates only the third ground upon which a proper motion to alter or amend judgment may be based–the need to correct clear error of law or prevent manifest injustice.

Tapp filed two collections of exhibits in support of his Motion. (*See* Doc. Nos. 72, 73.) In the first collection of exhibits, Tapp encloses a letter from Dan Brazill, Senior Counselor at Lancaster County Prison, in which Mr. Brazill writes:

> Sean Tapp's legal material was made available to him at any time he wanted it. Mr. Tapp declined these materials repeatedly. So as not to impinge on his access to the courts, this writer asked Mr. Tapp a minimum of twice a week if it [sic] wanted any of these materials and I have documented those occasions. When Mr. Tapp's [sic] went to court in Lancaster County Court of Common Pleas, he requested and was provided by me, from this material, three manila envelopes as identified by him, which he was committed with when he was received from the State Prison System. Mr. Tapp was allowed to keep the three manila envelopes that he had retrieved and never returned those to me. All other paperwork that had been offered to him throughout his incarceration and which he refused was sealed and sent with him back to the State Prison system. All these materials were kept by myself only, from receipt until his transfer.

This letter, which Tapp does not refute, clearly shows that Tapp has no evidence to support his claim that the defendants in this matter denied him his legal papers to prevent him from litigating this matter. Therefore, I find no need to alter or amend my decision to "'correct clear error of law or prevent manifest injustice.'" *See McGuffey v. Brink's, Inc.*, 598 F. Supp. 2d 659, 668 (E.D. Pa. 2009) (quoting *North River Ins. Co.*, 52 F.3d at 1218).

s/Anita B. Brody

_____

ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:    Copies **MAILED** on _____ to:

---

In his second collection of exhibits, Tapp enclosed copies of various grievances and documents from his medical and legal files. Many of these exhibits were submitted by the defendants as exhibits to their motions for summary judgment and were material that I considered in my Memorandum. Tapp does not claim that the other exhibits are new evidence–in other words, he does not argue that they are recovered from the cache of legal property that he claims defendant maliciously lost previously. Therefore, they do not constitute new evidence that was not previously available. In addition, the other exhibits are repetitive of exhibits that I considered in my Memorandum as they concern Mr. Tapp's weight issues, his lactose intolerance, his peanut-butter bag problems, and his conditions of confinement. None of the new exhibits contain convincing evidence that an alteration or amendment to my decision is necessary to prevent manifest injustice or correct a clear error of law. *Id*.